F I L E D
United States Court of Appeals
Tenth Circuit

AUG 26 2004

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

RODNEY HADEN SWINDELL,

    Defendant - Appellant.

No. 03-7110

(D.C. No. 03-CR-37-P)

(E. D. Oklahoma)

---

**ORDER AND JUDGMENT** *

---

Before **BRISCOE** , **McKAY** , and **HARTZ** , Circuit Judges.

---

Defendant Rodney Swindell pleaded guilty on May 22, 2003, to felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). The district court sentenced Defendant to 15 years' imprisonment under the Armed Career Criminal Act (ACCA), which subjects a person "who violates [18 U.S.C.] section 922(g) . . . and has three previous convictions . . . for a violent felony or a serious drug offense" to a minimum of 15 years' imprisonment. 18 U.S.C. § 924(e)(1). Defendant appeals, arguing that the district court erred in counting one of three

---

*This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

prior convictions as a "serious drug offense" within the meaning of the ACCA, and thereby in enhancing his sentence under the Act. We have jurisdiction over the appeal under 18 U.S.C. § 3742(a).

Defendant's presentence report listed prior convictions for conspiracy to possess with intent to distribute marijuana, possession with intent to distribute methamphetamine, and unlawful delivery of a controlled drug. The district court treated these three offenses as "serious drug offense[s]" within the meaning of the ACCA.

One of the convictions, however, did not so qualify. Under the ACCA a drug conviction must be punishable by 10 years or more in prison to qualify as a "serious drug offense," 18 U.S.C. § 924(e)(2)(A); and Defendant's 1976 federal conviction for conspiracy to possess with intent to distribute marijuana was punishable by a maximum of five years in prison at the time. In its answer brief the government concedes that Defendant's prior conviction for conspiracy to possess with intent to distribute marijuana was not a "serious drug offense," and that the sentence is therefore incorrect.

We VACATE Defendant's sentence and REMAND for resentencing.

ENTERED FOR THE COURT

Harris L Hartz
Circuit Judge

-2-